IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00283-PAB-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. ROBERT T. McALLISTER,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on the Stipulation [Docket No. 234] filed by defendant Robert T. McAllister and the United States.  The parties to the Stipulation agree that defendant McAllister should pay restitution in the amount of $1,087,835.99 to victim Federal Trade Commission and $26,470.48 to victim Richard K. Diamond. The Court approves the parties' stipulation as to restitution and will amend the judgment accordingly.

The Stipulation states that the "government further stipulates and agrees that Defendant Robert T. McAllister based upon his history of alcohol abuse and hospitalization for excessive alcohol consumption and in addition admission for alcohol abuse on October 2012 (see Exhibit 1), at the Humana Health West Pines Treatment Center is an 'eligible prisoner' and meets the criteria for treatment in the Bureau of Prisons Residential Drug Program (RDAP) pursuant to 18 U.S.C. Section 3621." Docket No. 234 at 1-2.  Exhibit 1 is a record from Exempla HealthCare that appears to

indicate that on October 8, 2012, approximately three weeks after his sentencing hearing and two days before he reported to serve his sentence, the defendant tested positive for alcohol.  The defendant stipulates that he is willing to participate in the RDAP program.  *Id.* at 2.

Although neither the United States nor the defendant asks the Court to make a recommendation that the Bureau of Prisons allow Mr. McAllister to participate in the RDAP program, their stipulations seem to be intended to influence the BOP's decision about whether he should be admitted.  It is therefore worth noting the following:

First, one of the criteria for admission to RDAP is that the inmate have a "verifiable substance abuse disorder."  *See* 28 C.F.R. § 550.53(b)(1).  In addition, Program Statement 5330.10 requires that an inmate establish documented evidence of use of the substance in the twelve months before incarceration.  *See Mora-Meraz v. Thomas*, 601 F.3d 933 (9th Cir. 2010).  At sentencing, both Mr. McAllister's counsel and Mr. McAllister told the Court that he was sober and had not started drinking again.  *See* Docket No. 164 at 17 (counsel: fact that he has not relapsed is "a testament to his character"); Docket No. 164 at 24 (defendant: "I am an alcoholic in recovery. . . . a disease that's in remission. . . .  Without [AA] I wouldn't be here sober today").  Thus, according to the defendant's representations to the Court at sentencing, he was not drinking in the 12 months before sentencing.

Second, according to Mr. McAllister's September 2012 treatment progress notes at Independence House, Mr. McAllister "made mention that he entertains the idea of 'relapsing' in order to hopefully gain entrance into the RDAP program. . . .  He reported that with his current documented history stands little chance of going to this program."

*See* Docket No. 236.  Thus, defendant's October 8, 2012 admission to Humana Health West Pines Treatment Center appears to have been a crass attempt to dupe the United States into promoting his admission into RDAP (which was, ironically, successful) and to mislead the BOP into admitting him into a program for which Mr. McAllister did not consider himself to be eligible.  The BOP, of course, will exercise its own discretion in determining the defendant's eligibility for RDAP.

Wherefore, it is

ORDERED that the Probation Department shall prepare an amended judgment reflecting the stipulated amounts of restitution.

DATED February 11, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge